IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO M.T.M., | Civil No. 1:26-cv-04862-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART |
| vs. | |
| | A# 231-486-691 |
| WARDEN, CALIFORNIA CITY CORRECTION CENTER, *et al.*, | |
| Respondents. | |

**ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART**

Petitioner Pedro M.T.M.[1] is an immigration detainee proceeding with a petition

for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and a motion for

immediate release or, in the alternative, for a bond hearing, Dkt. No. 2.

Petitioner was admitted to the country under a B-2 visa in February 2021.  Dkt.

No. 6-1, at pg. 2.  Before that admission terminated, Petitioner applied for Temporary

Protected Status (TPS).  *Id.*  His application was granted, and Petitioner's TPS

terminated on November 25, 2025.  *Id.*  In February 2026, after Petitioner was arrested

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

for driving under the influence, ICE detained him.  *Id.*  That criminal case appears to be pending, based on the record currently before the court.  *Id.* at pg. 3.

Petitioner now invokes this court's habeas jurisdiction, contending that his detention without a bond hearing violates his procedural due process rights.  Dkt. No. 1, at pg. 2.  Petitioner seeks either his immediate release or a bond hearing.  *Id.* at pg.3; Dkt. No. 2, at pg. 1.  Although Respondents do not dispute that Petitioner is entitled to a bond hearing, they argue that Petitioner should carry the burden of showing that he is neither a danger nor a flight risk.  Dkt. No. 6, at pg. 3.

Here, Petitioner was granted TPS that remained valid after his B-2 visa expired. The grant of that status "represents a determination by the Government that he was neither a flight risk nor a danger to the community," and as a consequence, Petitioner "has a strong interest in remaining at liberty unless he no longer meets those criteria." *Garcia v. Albarran*, No. 26-cv-04839, 2026 WL 1454512, at *2 (N.D. Cal. May 21, 2026). The mere fact that Petitioner's TPS has expired does not, standing alone, show that he has suddenly become a danger to the community or flight risk—especially given the government's decision to allow him to remain at liberty for more than two months after the expiration.  *Accord Rivas Velasquez v. Warden*, No. 1:25-cv-1818 CSK P, 2026 WL 494475, at *6 (E.D. Cal. Feb. 23, 2026) ("This Court finds that petitioner's time out of custody, even after his TPS was denied a year before he was detained by ICE, gave rise to a constitutionally protected liberty interest."); *see also Njafuh v. Andrews*, No. 1:26-cv-

2

03436-DAD-AC (HC), 2026 WL 1346860, at *1 (E.D. Cal. May 14, 2026) (concluding that noncitizen who was not detained after his TPS terminated had a protected liberty interest).  As Respondents recognize, "ICE did not detain" Petitioner "upon the expiration of TPS" in November 2025 because, at that time, there had been no change "from the previous DHS determination" that Petitioner was neither a danger nor a flight risk.  Dkt. No. 11, at pg. 1.

Petitioner contends that he should, therefore, be ordered immediately released. But Respondents note that the "situation changed materially on February 28, 2026," when Petitioner was arrested for driving under the influence.  *Id.* at pg. 2.  This, Respondents argue, "materially altered the government's earlier assessment of [Petitioner's] risk profile and justified immediate custodial action without a pre-deprivation hearing."  *Id.*  On this view, Petitioner should not be granted immediate release, because post-deprivation process would be adequate.

On the present record, Petitioner has not shown that pre-deprivation process was required.  He therefore has not shown that he is entitled to immediate release. Accordingly, the petition is GRANTED, but only to the extent Petitioner requests a bond hearing.  Respondents are ENJOINED AND RESTRAINED from continuing to detain petitioner unless they demonstrate, within seven days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is

3

legally justified.  *See Zenon A.C.F. v. Warden Cal. City Det. Ctr.*, No. 1:26-cv-02961-MWJS, 2026 WL 1257064, at *2 (E.D. Cal. May 7, 2026); *Rivas Velasquez*, 2026 WL 494475, at *8. Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.  If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

Although the court does not order Petitioner's immediate release, it makes this decision without prejudice to Petitioner filing a future petition if the record developed during any bond hearing shows that pre-deprivation process was necessary.  *See* Entering Order, *Carlos U.G. v. California City Correction Center*, 1:26-cv-03209-MWJS (E.D. Cal. May 26, 2026), Dkt. No. 14 ("The court notes that the record before it contains certain factual ambiguities which, through post-deprivation process and the record developed there, might support the conclusion that pre-deprivation process was in fact required before Respondents could re-detain Petitioner.").

//

//

//

//

//

//

//

The Clerk of Court is directed to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  July 8, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-04862-MWJS; *Pedro M.T.M. v. Warden, California City Correction Center,* et al.; ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART